IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICHOLAS ROOSEVELT WARD,**

        **Plaintiff,**

    **v.**                                       **CASE NO. 19-3269-SAC**

**JOSEPH R. ASTRAB,**

        **Defendant.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person held at the Johnson County Adult Detention Center, proceeds pro se and seeks leave to proceed in forma pauperis.

    The complaint names as the sole defendant the public defender who represented plaintiff in a 2017 criminal action. Plaintiff claims the defendant failed to provide adequate representation and seeks punitive damages for mental anguish, emotional distress, and pain and suffering.

**The motion to proceed in forma pauperis**

    This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional

account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because the certified financial statement submitted by plaintiff shows that he does not have the financial means to pay an initial installment payment, the Court grants leave to proceed in forma pauperis and does not impose an initial filing fee. Plaintiff remains obligated to pay the $350.00 filing fee in installments, and his custodian will be advised of that obligation by a copy of this order.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

The United States Supreme Court "has stated that 'a public

defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008)(unpublished)(quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Therefore, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id*. (quoting *Briscoe v. LaHue*, 460 U.S. 325, 320 n. 6 (1983)).

Therefore, while plaintiff may challenge his incarceration in a petition for habeas corpus, his claim against the defendant public defender under § 1983 is barred by the holding in *Dodson.*

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall proceed under 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee. A copy of this order shall be transmitted to the facility where plaintiff is incarcerated.

IT IS FURTHER ORDERED that this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 31st day of December, 2019, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge